**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLEY JAMES HUGHES,**

**Plaintiff,**

**v.** **CASE NO. 11-3174-SAC**

**EL DORADO CORRECTIONAL FACILITY, et al.,**

**Defendants.**

**O R D E R**

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). The only defendant named in the caption is the EDCF.[1] However, elsewhere plaintiff also designates as defendants James Heimgartner, Warden, EDCF; Officer Cawthorn, Correctional Officer, EDCF; and Larry Hoshaw, Unit Team Manager, EDCF.

As the factual background for his complaint, Mr. Hughes alleges as follows. On August 22, 2011, he was praying inside his cell, when Officer Cawthorn banged and kicked on his cell and asked him to stop praying so he could receive his dinner tray. Plaintiff refused because he was "fasting at the moment and couldn't eat until sundown." Cawthorn saw him praying and should have fed him later in the day. Cawthorn told plaintiff that if he didn't get the tray it would be a refusal and the tray would not be returned. The next day, plaintiff filed a grievance, but was told he should have stopped for the officer. The following day he was called into

[1] Rule 10 of the Federal Rules of Civil Procedure requires that every party be named in the caption.

defendant Hoshaw’s office. He did not accept lunch, dinner, and breakfast trays because he had food inside his cell. Hoshaw declared that plaintiff was on a hunger strike, and was taking his property. Plaintiff was maced, tased, and hit with a shock shield “all because (he) refused to get a tray during (his) prayer.”

As Count I of his complaint, Mr. Hughes asserts violation of his First Amendment right of freedom of religion. In support he recounts that defendant Cawthorn kicked on his door when he could see plaintiff was praying and would not accommodate plaintiff’s religious “fast during the month of Ramadan.”

As Count II, plaintiff alleges violation of his First Amendment right to freedom of speech. In support, he alleges that defendant Hoshaw retaliated against him because of the grievance he filed against Cawthorn and for refusing to switch his prayer times or stop praying when officers came to his cell. He seeks money damages.

**MOTION TO PROCEED WITHOUT FEES**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of

the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $ 56.63, and the average monthly balance is $ 4.85. The court therefore assesses an initial partial filing fee of $ 11.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted will result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Hughes is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Defendant EDCF is clearly subject to being dismissed from this action for the reason

that the prison facility is not a "person" subject to suit under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005).

Defendant Heimgartner is also subject to dismissal. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff's claim against defendant Warden Heimgartner appears to be based upon Heimgartner's affirmance of a denial of a grievance that plaintiff submitted on the incident. An official's action affirming denial of a grievance after the allegedly unconstitutional acts have already occurred is not the direct personal participation in those acts that is required to establish liability for violation of constitutional rights under § 1983.

The court further notes that plaintiff seeks money damages only and alleges that each defendant acted under color of state law.

State officials are entitled to the Eleventh Amendment immunity accorded to the State which bars suit for money damages, and thus may not be sued for damages for acts taken within their official capacities.

In addition, the facts alleged by plaintiff are not sufficient to show that his rights under the First Amendment were violated. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the plaintiff. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006).

It is settled that under the free exercise clause of the First Amendment, prisoners must be afforded reasonable opportunities to

pursue sincerely held religious beliefs. Cruz v. Beto, 405 U.S. 319, 322 (1972). However, the question of what constitutes a reasonable opportunity is evaluated in the context of the legitimate penological objectives which govern virtually all aspects of life inside a maximum security prison. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). While courts have been responsive to inmates' sincerely held beliefs that reflect basic tenets of various religions, considerably less deference has been accorded to personally held beliefs that are not mandated by the inmate's religion. See e.g., Africa v. State of Pennsylvania, 520 F.Supp. 967 (E.D.Pa.), aff'd, 662 F.2d 1025 (3rd Cir. 1981), cert. denied, 456 U.S. 908 (1982)(assuming prisoner's beliefs could be considered a religion, prison officials would not be required to provide a special religious diet where diet sought was not a mandatory aspect of the religion's beliefs). The court in Africa found it "axiomatic that the free exercise clause of the first amendment does not offer its protections to mere personal preferences." Id. at 971 (citing Wisconsin v. Yoder, 406 U.S. 205, 216 (1972)); see Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990)(inmate not entitled to exemption from nonconsensual AIDS test based on vague allegation that he refused on religious grounds where he did not allege details of his religious faith or what tenet of his faith required his refusal); see also Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988)(prisoner not entitled to special diet where she acknowledged other Moslems did not necessarily adhere to the same standards and where she did not complain of other impediments to religious observation). In this Circuit, in order to state a free exercise violation, a prisoner must allege facts showing that

a defendants' conduct "substantially burdened" his sincerely-held religious beliefs. Boles v. Neet, 486 F.3d 1177, 1182 (10th Cir. 2007). Even then, if defendants' conduct was justified by any legitimate penological interest there is no constitutional violation. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007); Boles, 486 F.3d at 1182.

Plaintiff alleges that defendant Cawthorn interrupted his praying on a single occasion to deliver his food tray. These allegations do not indicate that this interruption significantly inhibited or constrained plaintiff's religious conduct or expression, meaningfully curtailed his ability to express adherence to his faith, or denied him reasonable opportunity to engage in fundamental religious activities. See Vasquez v. Ley, 70 F.3d 1282, *2 (10th Cir. 1995)(quoting Werner v. McCotter, 49 F.3d 1476, 1480 & n. 2 (10th Cir. 1995)). Mr. Hughes has not alleged that defendants' acts prevented him from continuing his prayers immediately after receiving his tray or at any other time. Nor has he alleged that his religious beliefs mandated uninterrupted prayer at that particular time. His allegations indicate little more than his personal preference to pray at that particular time. Accordingly, the court finds that plaintiff's allegations, accepted as true, do not plausibly indicate that defendants substantially burdened plaintiff's exercise of religious beliefs.

Moreover, plaintiff's own allegations indicate that defendants acted with a legitimate penological objective. Defendant Cawthorn was attempting to deliver plaintiff's meal tray. The orderly administration of prison activities such as planned delivery of meal trays to cells obviously involves a legitimate penological

objective. Plaintiff's allegations of denial of his First Amendment free exercise of religion are therefore subject to being dismissed for failure to state a claim.

Plaintiff's claim that defendant Hoshaw retaliated against him for filing a grievance and for refusing to switch or interrupt his prayers to receive his food tray is likewise not supported by sufficient facts. "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(internal quotation marks and citation omitted); Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004)(In order "to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action."). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 FN 1 (10th Cir. 1990); see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). In addition, "a plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, . . . would not have taken place." Id. Thus, "it is imperative that [a] plaintiff's pleading of a retaliation claim be factual and not conclusory.

Plaintiff baldly states that he was maced, tased, and hit with a shock shield, and alleges these acts were retaliatory. However,

these statements are completely conclusory. He does not describe the circumstances surrounding these alleged acts such as location, dates, and how each defendant personally participated in macing, tasing or hitting him with a shock shield. He provides no chronology of events whatsoever from which the Court could plausibly conclude either that these acts occurred or that they were in retaliation for protected activities.

Plaintiff is given time to show cause why this action should not be dismissed for the foregoing reasons. If he fails to show sufficient cause and otherwise comply with the orders of the court set forth herein within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 11.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day time period, plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 26th day of October, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge